LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**RESNICK & LOUIS, P.C.**
8925 W. Russell Road, Suite 220
Las Vegas, Nevada 89148
Telephone:     (702) 997-3800
Email:          lrivera@rlattorneys.com

*Attorney for Defendants*
HOME DEPOT U.S.A., Inc.
(erroneously sued herein as
HOME DEPOT MANAGEMENT COMPANY,
a Foreign Limited Liability Company;
THE HOME DEPOT U.S.A., INC.)
and DEBORAH REID

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILIP JOSEPH GERVASI, an individual, | Case No. |
| Plaintiff, | |
| vs. | **DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL** |
| HOME DEPOT MANAGEMENT COMPANY, LLC, a Foreign Limited Liability Company; THE HOME DEPOT U.S.A., INC., a Foreign Corporation; DEBORAH REID; DOE PROPERTY OWNER I-V; ROE PROPERTY OWNER I-V; DOE JANITORIAL EMPLOYEE I-V; ROE JANITORIAL COMPANY I-V; ROE MAINTENANCE COMPANY I-V; ROE PROPERTY MANAGEMENT COMPANY I-V; DOE MAINTENANCE WORKER I-V; DOE PROPERTY MANAGER I-V; DOE EMPLOYEE I-V; ROE EMPLOYER I-V; and ROE COMPANIES I-V, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC.  ("Home

Depot") by and through its counsel of record, Lynn Rivera, a partner at the law firm of Resnick

& Louis, P.C., hereby petitions for the removal of the above-captioned action from the Eighth

1  Judicial District Court in Clark County, Nevada to the United States District Court for the

2  District of Nevada, Las Vegas, for the reasons described below:

3        1.    Plaintiff Philip Joseph Gervasi filed a complaint naming Home Depot as a

4  Defendant on May 23, 2022.  See Declaration of Lynn Rivera in support of Petition for

5  Removal ("Rivera Dec."), ¶ 1, Exhibit A.

6        2.    Plaintiff's complaint was filed in the Eighth Judicial District Court in Clark

7  County, Nevada, Case No. A-22-853029, styled as Philip Joseph Gervasi v. Home Depot

8  et. al.  See Rivera Dec., ¶ 2, Exhibit A.

9        3.    Defendant Home Depot was served with Plaintiff's summons and complaint on

10  May 26, 2022.  See Rivera Dec., ¶ 4.

11        4.    Defendant Deborah Reid was also served with Plaintiff's summons and

12  complaint on May 26, 2022.  See Rivera Dec., ¶ 5.

13        5.    Plaintiff alleges in the Complaint that he is a resident of Clark County, Nevada.

14  See Rivera Dec., ¶ 7. Exhibit A, ¶ 1.

15        6.    Plaintiff alleges two causes of action against Home Depot for negligence and

16  "respondent superior, negligent entrustment, hiring, training, and supervision."  See Rivera

17  Dec., ¶ 8, Exhibit A, ¶¶ 23-45.

18        7.    Plaintiff alleges Home Depot garden associate Deborah Reid is a resident and

19  citizen of Clark County, Nevada.  See Rivera Dec., ¶ 9, Exhibit A, ¶ 27.

20        8.    Specifically, Plaintiff alleges that on July 15, 2018, while inside the Subject

21  Premises at the Home Depot store located at 6025 S. Pecos Rd., Las Vegas, Nevada 89120.

22  Plaintiff alleges he slipped and fell on a foreign substance on the floor in the garden

23  department of the subject premises, causing personal injury.  See Rivera Dec.,¶ 9, Exhibit

24  A, ¶¶ 1-45.

25        9.    In his Complaint, Plaintiff alleges Defendant Home Depot is authorized to

26  conduct business in Clark County, Nevada.  Home Depot is, in fact, a foreign corporation

27  duly licensed to conduct business in the State of Nevada.  See Rivera Dec.,¶ 9, Exhibit A, ¶¶

28  2-3.

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL     Case No.
AND DEMAND FOR A JURY TRIAL

10. Defendant Home Depot is a citizen of the state of Georgia. Home Depot's associates, sales, production activities, income, and purchases are spread across multiple states and no one state substantially predominates. Home Depot is incorporated under the laws of the State of Delaware with its corporate headquarters and principal place of business located in Atlanta, Georgia. Home Depot's executive officers and senior managers were and are located at Home Depot's corporate headquarters in Atlanta, Georgia. See Rivera Dec.,¶¶ 12-13.

11. At all times material hereto, Home Depot's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development, were and are performed at and promulgated from Home Depot's corporate headquarters located in Atlanta, Georgia. See Rivera Dec., ¶¶ 11-12.

12. Plaintiff alleges Defendant Deborah Reid is a resident and citizen of Clark County, Nevada. Ms. Reid is, in fact, a citizen and resident of Nevada. See Rivera Dec., ¶ 12, Exhibit A, ¶¶ 4-27.

13. Plaintiff alleges Defendant Deborah Reid is the store manager. However, Ms. Reid works as an associate in the garden department for the Home Depot. See Rivera Dec., ¶ 14, Exhibit A, ¶ 27.

14. Ms. Reid is not a permissible tortfeasor in this lawsuit because she did not cause or create the alleged hazardous condition involving the foreign substance on the floor of the garden department of the Home Depot giving rise to the subject incident. See Rivera Dec., ¶ 16, Exhibit A, ¶ 31.

15. Plaintiff alleges Ms. Reid was working in the course and scope of her employment at the Home Depot when Plaintiff's incident occurred. Deborah Reid was, in fact, working in the course and employment at the time of Plaintiff's Incident. See Rivera Dec., ¶ 15, Exhibit A, ¶ 31.

16. Upon information and belief, Plaintiff named Deborah Reid as a Defendant for the sole purpose of defeating removal based on diversity jurisdiction. Home Depot is

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL          Case No.

responsible for Plaintiff's damages, if any, for all negligent acts of its employees working in the course and scope of their employment.  See Rivera Dec., ¶ 18.

17.    Prior to the filing of this Petition for Removal, Home Depot was noticed the amount in controversy in this lawsuit exceeded $75,000.  Specifically, Home Depot received information that Plaintiff's past medical damages were $171,206.33 and received a confidential settlement demand for an amount exceeding the past medical damages. See Rivera Dec., ¶ 19.

20.    Defendant Deborah Reid has consented to the removal of this lawsuit to the United State District Court, District of Nevada and is the only other served Defendant in this lawsuit. See Rivera Dec., ¶ 20.

## JURISDICTION

21.    This matter is removable pursuant to 28 U.S.C. Sections 1332 and 1446(b) because the amount in controversy is alleged to exceed $75,000, exclusive of interests and costs.

22.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This case may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court because it is a civil action between citizens of different states, and that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff and Defendant Home Depot, are, and have been, citizens of different states at all times, and therefore, complete diversity exists in this action, as stated below:

23.    **Plaintiff's Citizenship**:  Plaintiff is a citizen of the State of Nevada because he resides and is domiciled in Clark County, Nevada.  See Rivera Dec. ¶ 7, Exhibit A, ¶ 1. For purposes of evaluating diversity, a person is a "citizen" of the state in which he is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); Kantor v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he resides with the intent to remain). Accordingly, Plaintiff is a citizen of the State of Nevada. See Rivera Dec.,¶ 6, Exhibit A, ¶¶ 1.

24.   **Defendant's Citizenship**: For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State. . .by which it has been incorporated and of the State….where it has its principal place of business." See 28 U.S.C. § 1332(c)(1).  In accordance with, and pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001). The national corporation's principal place of business is determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." Id. This test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states.  Indus. Tectonics, Inc.  v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990). Here, Defendant Home Depot's associates, sales, production activities, income, and purchases are spread across multiple states and no one state substantially predominates.  Home Depot's corporate offices are located in Atlanta, Georgia, and the majority of Home Depot's executives, managerial and administrative functions occur in Atlanta, Georgia. See Rivera Dec., ¶¶ 11-12.

25.   Defendant Home Depot is a corporation incorporated under the laws of the Delaware, with its headquarters and its principal place of business in Atlanta, Georgia.  Home Depot's executive officers and senior management were and are located at Home Depot's Headquarters in Atlanta.  At all times material hereto, Home Depot's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations, human resources, and property development were and are performed at and promulgated from Home Depot's Headquarters in Atlanta, Georgia. See Rivera Dec., ¶¶ 11-12.  Accordingly, Home Depot is a citizen of Georgia.  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."); Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994) (ruling that corporation was citizen of state in which its corporate headquarters were located and where its executive and

administrative functions were performed).

26.     Although Defendant Deborah Reid is a citizen of Nevada, her citizenship must be disregarded because she is sham defendant and is fraudulently joined. Ms. Reid did not cause the alleged dangerous condition described in Plaintiff's Complaint.  Ms. Reid was a garden associate, was working as a cashier at the subject Home Depot store, and did not water the plants in the garden department on the date of the subject incident. Ms. Reid's role was limited to ringing up Plaintiff's merchandise and reporting Plaintiff's incident to the investigating manager of the store. See Rivera Dec., ¶¶ 14-18.

## FRAUDULENT JOINDER ANALYSIS

### A.     Defendant Deborah Reid is Fraudulently Joined as a Defendant

27.     It is well-settled that where a non-diverse defendant has been fraudulently joined, her presence alone will not preclude a finding that federal diversity jurisdiction exists. United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998); McCabe v. General Foods, 811 F.2d 1336, 1339 (9th Cir. 1987); Simpson v. Union Pac. R.R. Co., 282 F. Supp. 2d 1151, 1155 (N.D. Cal. 2003).

28.     While a defendant has the burden of proving fraudulent joinder, the burden of proof does not require proof to a level of absolute certainty.  Rather, as one court has stated, a defendant must only demonstrate that there is no "reasonable basis for imposing liability [on the resident defendant]," not that no possible basis - no matter how unlikely - could exist. TPS Utilicom Servs. Inc. v. AT&T Corp., 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002); accord Mielke v. ConocoPhillips Co., No. C04-5502, 2005 U.S. Dist. LEXIS 11262, at *2-4 (N.D. Cal. May 9, 2005); Eckhart v. DePuy Orthopedics, Inc., No. 2:03-cv-1063, 2004 U.S. Dist. LEXIS 25211, at *7-10 (S.D. Oh. Mar. 3, 2004); Goldberg v. CPC Int'l, Inc., 495 F. Supp. 233, 239 (N.D. Cal. 1980) ("Courts have found joinder to be fraudulent where there is . . . *no real intention in good faith to prosecute the action against that defendant or seek a joint judgment.*") (emphasis added).

29.     ***Put differently, the burden placed on a defendant to establish fraudulent joinder "does not mean [that the court] must accept blindly whatever plaintiff may assert no matter***

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL     Case No.
AND DEMAND FOR A JURY TRIAL

1   *how incredible or contrary to the overwhelming weight of evidence.*" In re Diet Drugs

2   (Phentermine, Fenfluramine, and Dexfenfluramine) Prod. Liab. Litig., 352 F. Supp. 2d 533, 537

3   (E.D. Pa. 2004) (emphasis added).  Consequently, to establish the existence of fraudulent joinder

4   in this case, Defendant need only demonstrate that the relevant allegations, law, and

5   overwhelming evidence prove there is no reasonable possibility that Plaintiff can successfully

6   allege a claim against Reid, a garden associate at the Home Depot.  Given Reid engaged in no

7   act that caused the condition and is not a tortfeasor, Home Depot has met that burden.

8   **B.     There is No Evidence Reid is a Tortfeasor**

9   30.     A retail employee does not engage in negligence by merely performing her job

10  duties.  It is well recognized that an owner or occupant of premises is not an insurer of the safety

11  of a person on the premises, and in the absence of negligence, no liability exists.  Gunlock v. New

12  Frontier Hotel, 78 Nev. 182, 185, 370 P.2d 682, 684 (1962).

13  31.     "Negligence is never presumed but must be established by substantial evidence."

14  Id. A negligence claim cannot be sustained unless Plaintiff proves that: (1) defendant owed a

15  duty of care to plaintiff; (2) defendant breached that duty; (3) the breach was the proximate

16  cause of plaintiff's injuries; and (4) plaintiff sustained damages. Scialabba v. Brandise Constr.

17  Co., 112 Nev. 965, 968, 921 P.2d 928, 930 (1996).

18  32.     Plaintiff has the burden of proving each element of his negligence case by a

19  preponderance of the evidence. Perez v. Las Vegas Med. Ctr., 107 Nev. 1, 4, 805 P.2d 589, 590-

20  91 (1991). "[I]n the absence of negligence, there is no liability." Gunlock v. New Frontier Hotel,

21  78 Nev. 182, 185, 370 P.2d 682, 684 (1962).

22  33.     In this case, Reid did not engage in any act of negligence by working as a

23  cashier in the garden department of the Home Depot.  Reid did not create the alleged

24  dangerous condition and did not water the plants in the garden department on the date of the

25  subject incident. Reid's role in Plaintiff's incident is really limited.  Reid merely rang up the

26  Plaintiff's merchandise and called the investigating manager when she was noticed of

27  Plaintiff's Incident.  Therefore, Defendant Reid is not a tortfeasor and is a sham defendant

28  named for the sole purpose of defeating diversity.  See Rivera Dec.,¶¶ 14-18.

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL         Case No.
AND DEMAND FOR A JURY TRIAL

**C.  Naming a Non-Diverse Store Employee as a Defendant Constitutes Fraudulent Joinder**

34.     It is well-settled law that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); Dodson v. Spillada Maritime Corp. 951 F.2d 40, 42 (5th Cir. 1992); Utilicom Serv., Inc. v. AT & T Corp. 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002)).

35.     Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  Ritchey v. Upjohn Drug Co. 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. General Foods Corp. 811 F.2d 1336, 1339 (9th Cir. 1987).

36.     When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal."); McCabe, 811 F.2d at 1339 (noting that a defendant "is entitled to present the facts showing the joinder to be fraudulent").

37.     Under the fraudulent-joinder doctrine, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris, 236 F.3d at 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

38.     A showing of actual fraud is not necessary to invoke the fraudulent joinder doctrine.  In most cases, the focus will be on whether the plaintiff can "state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction." 13f C. Wright & A. Miller et. al., Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.).

39.     If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party. . . at any stage of the action and on such terms as are just." <u>Gasnik v. State Farm Ins. Co.</u> 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

40.     In this case, there are no facts supporting a finding that Ms. Reid is liable to the Plaintiff for his alleged slip and fall.  Mr. Reid was merely working as a cashier in the garden department at the time of Plaintiff's Incident. She did not cause the alleged hazardous condition and did not water the plants in the garden department on the date of the subject incident.  Ms. Reid's role was limiting to ringing up Plaintiff's merchandise and notifying the investigating manager of Plaintiff's incident. <u>See</u> Rivera Dec.,¶¶ 17-18.

41.     Therefore, Home Depot respectfully submits that the only just result in this case is to dismiss Defendant Deborah Reid from this action because she is sham defendant and not liable to the Plaintiff under the facts of this case and well-settled Nevada law.

## <u>AMOUNT IN CONTROVERSY</u>

42.     Prior to filing its response in this litigation, Home Depot was noticed that the amount in controversy exceeded $75,000.  Specifically, Home Depot received information that Plaintiff's alleged past medical damages were $171,206.33 and also received a confidential settlement demand for an amount exceeding these alleged medical damages.

42.  Both Home Depot and Deborah Reid were served with Plaintiff's summons and complaint on May 26, 2022.

43.     This removal is timely filed under 28 U.S.C. section 1446 (b) (3) in that Home Depot removes this matter, pursuant to FRCP 26, within 30 days of the summons and complaint. Home Depot had notice through prior confidential settlement negotiations that the amount if controversy exceeds $75,000. <u>Ballard v. Best Buy Stores, L.P.,</u> 2015 U.S. Dist. LEXIS 9878 (D. Nev. Jan. 27, 2015) (petition for removal was timely because it was served within 30 days of the defendant receive notice that the Plaintiff's damages exceeded $75,000).

/ / /

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL    Case No.
AND DEMAND FOR A JURY TRIAL

**CONSENT TO REMOVAL**

44.   Ms. Reid has consented to the removal of this lawsuit to the United States District Court, District of Nevada and is the only other served Defendant in this lawsuit. <u>See</u> Rivera Dec.,¶¶ 20.

**NOTICE TO ADVERSE PARTIES**

45.     Defendant's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case No. A-22-853029-C in the Eighth Judicial District Court, in and for the County of Clark, Nevada.

46.     Pursuant to the provisions of U.S.C. section 1446, Defendant attaches herewith and incorporates herein by reference, copies of the following documents from the Clark County District Court file and/or documents served by and upon the Defendant in this action:

   (a)  Plaintiff's Complaint (a true and correct copy of which is attached hereto as Exhibit A); and

   (b) Declaration of Lynn Rivera (a true and correct copy of which is attached hereto as Exhibit B).

**NOTICE TO PLAINTIFF AND STATE COURT**

47.     Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Eighth Judicial District Court in and for the County of Clark, State of Nevada in Case No. A-22-853029-C pursuant to 28 U.S.C. Section 1446(d).

**DEMAND FOR JURY TRIAL**

48.     Defendant demands a jury trial of twelve jurors pursuant to FRCP 48.

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL         Case No.

1

## **PRAYER**

2    WHEREFORE, Defendant Home Depot prays the above-entitled action, currently

3    pending in the Eighth Judicial District Court of the State of Nevada, in and for the County of

4    Clark, be removed to the United States District Court for the District of Nevada. This action

5    should proceed in this Honorable Court as an action properly removed thereto pursuant to 28

6    U.S.C. section 1441, et. seq.

7

     DATED this 24th day of June 2022            **RESNICK & LOUIS, P.C.**

8

9

                                    By _____
10                                     Lynn Rivera, Esq.
                                       8925 W. Russell Road, Suite 220
11                                     Las Vegas, Nevada 89113
                                       Telephone:    (702) 997-3800
12                                     *Attorneys for Defendants*
                                       HOME DEPOT U.S.A., Inc. (erroneously sued
13                                     herein as HOME DEPOT MANAGEMENT
                                       COMPANY, a Foreign Limited
14                                     Liability Company; THE HOME DEPOT U.S.A.,
                                       INC.) and DEBORAH REID
15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL       Case No.
AND DEMAND FOR A JURY TRIAL

## CERTIFICATE OF SERVICE

*Philip Joseph Gervasi v. Home Depot U.S.A., Inc.et. al.*

Pursuant to FRCP 5(b), I certify that I am an employee of RESNICK & LOUIS, P.C., that on the 24th of June 2022, I caused the foregoing **DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL** to be served on all parties to this action by:

☐ **By Messenger Service.** I served the documents by providing them to a professional messenger service for personal service.

☐ **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery and with the postage fully prepaid.

☒ **By E-Mail or Electronic Transmission.** By transmitting a true copy via electronic means upon all eligible electronic recipients designated below.

☐ **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By Fax Transmission.** I faxed the documents to the persons at the fax number listed above, and the transmission appeared to be successful.

| | |
|---|---|
| Gina M. Corena, Esq.<br>Mahna Pourshaban, Esq.<br>**GINA CORENA & ASSOCIATES**<br>300 S. Fourth Street, Suite 1240<br>Las Vegas, Nevada 89101<br>Telephone:  (702) 680-1111<br>Facsimile:   (888) 987-6507<br>gina@lawofficecorena.com<br>mahna@lawofficecorena.com | *Attorneys for Plaintiff*<br>PHILIP JOSEPH GERVASI |

Dated:  June 24, 2022

*Kristy Gouveia*
An employee of RESNICK & LOUIS, P.C.

DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION FOR REMOVAL AND DEMAND FOR A JURY TRIAL                    Case No.