UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP JOSEPH GERVASI, | Case No. 2:22-cv-01010-MMD-BNW |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| HOME DEPOT U.S.A., INC., *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

Defendant Home Depot U.S.A., Inc. removed this slip-and-fall case based on diversity of citizenship. (ECF No. 10 at 4.) However, Plaintiff Philip Joseph Gervasi and Defendant Deborah Reid are both citizens of Nevada, and more specifically Clark County. (ECF No. 4-1 at 5.) Home Depot argued at removal that Reid is a sham defendant fraudulently joined. (ECF No. 10 at 6-9.) But if Reid was not fraudulently joined, the Court would lack jurisdiction over this case. *See* 28 U.S.C. § 1441(b)(2); *see also Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) ("[T]he presence of a local defendant at the time removal is sought bars removal.") (citation omitted). The Court accordingly ordered Home Depot to show cause why it should not remand this case. (ECF No. 13 ("OSC").) Home Depot responded to the Court's OSC (ECF No. 15), and then after some prompting (ECF No. 20), Gervasi did as well (ECF No. 21). Because Gervasi contends he named Reid as a Defendant in good faith, Home Depot does not dispute her citizenship or that she had some involvement in the alleged slip and fall, and as further explained below, the Court will remand this case.

**II.  BACKGROUND**

The following facts are adapted from the Complaint. (ECF No. 4-1.) Gervasi lives in Clark County, Nevada. (*Id.* at 5.) Reid also lives in Clark County, Nevada. (*Id.*) All

events pertinent to this case happened in Clark County, Nevada. (*Id.*) Plaintiff was shopping at a Home Depot in Las Vegas (*id.*) in July 2021 when he unexpectedly slipped and fell onto the floor of the store because an unknown liquid was on it (*id.* at 7). Gervasi was injured in the fall and has already incurred medical expenses. (*Id.* at 8.) Gervasi brings claims for negligence and negligent hiring, training, and supervision against Home Depot, Reid, and unknown defendants who may have also contributed to his injuries. (*Id.* at 8-14.)

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added, citation omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *See id.*

### IV.   DISCUSSION

The Court must remand this case because it has doubts as to the right of removal in the first instance, and Home Depot's response to the OSC has not resolved those doubts. *See id.* Indeed, Home Depot's counsel swears that Reid is "a resident and citizen of Nevada." (ECF No. 16 at 2.) And Home Depot does not rebut Plaintiff's allegation that he too is a resident of Nevada. (*Id.*; *see also* ECF No. 4-1 at 5.) Reid's presence in the case as a named defendant at the time Home Depot removed bars removal. *See Spencer*, 393 F.3d at 870.

As to Home Depot's fraudulent joinder argument, Home Depot argues that Reid is an improper tortfeasor because she is just a cashier in the garden department who did

not water the plants on the day Gervasi fell, and otherwise had a limited role in the incident. (ECF No. 15 at 4-5.) Gervasi basically responds that this may be true, but he has not yet conducted discovery and thus does not know the full extent of Reid's role in contributing to the slippery floor he slipped on. (ECF No. 21 at 3.) Indeed, Gervasi notes, Home Depot confirms that Reid was an employee working at the store where Gervasi slipped at the time of the accident that was involved to at least some extent in the incident (*id.* (citing ECF No. 16 at 2)), and thus she was not fraudulently joined (*id.* at 2-4). The Court agrees with Gervasi.

The Court cannot say at this time that Reid is fraudulently joined. Nor can the Court say precisely what Reid's involvement in the accident was—that is a factual issue not suitable for resolution at this early stage. All the Court can say at this point is that Reid is named as a defendant (ECF No. 4-1 at 5), she destroys complete diversity (*id.*), and there is no dispute that she worked for Home Depot at the time of the accident that she was also involved in (ECF No. 16 at 2). This gives the Court at least a doubt that removal was proper here. *See Gaus*, 980 F.2d at 566. The Court will accordingly remand this case. *See id.*

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

This action is remanded to the Eighth Judicial District Court in and for the County of Clark. The Clerk of Court is directed to close this case.

DATED THIS 26th Day of September 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE